# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Juliano,<br><br>        Plaintiff,<br><br>v.<br><br>RentGrow Incorported,<br><br>        Defendant. | No. CV-19-03275-PHX-DWL<br><br>**ORDER SETTING RULE 16 CASE MANAGEMENT CONFERENCE** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Case Management Conference is set for **September 11, 2019, at 10:30 a.m.,** in Courtroom 601, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151. In preparation for this Case Management Conference, **IT IS HEREBY ORDERED as follows**:

A.    <u>Mandatory Initial Discovery Pilot Project</u>

The Court is participating in the Mandatory Initial Discovery Pilot Project ("MIDP"), which has been implemented in this District by General Order 17-08. The MIDP applies to all civil cases filed on or after May 1, 2017, other than cases listed in Rule 26(a)(1)(B), actions under the Private Securities Litigation Reform Act, and cases transferred for consolidated administration by the Judicial Panel on Multidistrict Litigation. The discovery obligations in the MIDP supersede the disclosures required by Rule 26(a)(1) and are framed as court-ordered mandatory initial discovery. Unlike initial disclosures

required by current Rule 26(a)(1)(A) & (C), the MIDP does not allow parties to opt out. Thus, if your case was filed after May 1, 2017, and does not fall within one of the exceptions identified above, you must comply with the discovery obligations of the MIDP. You should have received a notice regarding the pilot project when your case was filed or you were served, and you should already be complying with the MIDP. Resources related to the MIDP are available on the Court's website at http://www.azd.uscourts.gov/attorneys/mandatory-initial-discovery-pilot. Parties should note the November 1, 2018 amendments to the MIDP.

B.  Rule 26(f) Meeting and Joint Case Management Report

The parties are directed to meet and confer at least 21 days before the Case Management Conference. At this meeting, the parties shall develop a Joint Case Management Report. It is the responsibility of Plaintiff(s) to initiate the Rule 26(f) meeting and preparation of the Joint Case Management Report. Defendant(s) shall promptly and cooperatively participate in the Rule 26(f) meeting and assist in preparation of the Joint Case Management Report. The parties must file the Joint Case Management Report with the Clerk at least seven days before the Case Management Conference.

The Joint Case Management Report shall contain the following information in separately numbered paragraphs.

1. The parties who attended the Rule 26(f) meeting and assisted in developing the Joint Case Management Report;
2. A list of all parties in the case, including any parent corporations or entities (for recusal purposes);
3. Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared;
4. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings;
5. The names of any parties not subject to the Court's personal (or *in rem*)

|   |   |   |
|---|---|---|
|   |   | jurisdiction; |
|   | 6. | A description of the basis for the Court's subject matter jurisdiction (see the accompanying footnote), citing specific jurisdictional statutes;[1] |
|   | 7. | A short statement of the nature of the case (no more than 3 pages), including a description of each claim, defense, and affirmative defense; |
|   | 8. | A listing of contemplated motions and a statement of the issues to be decided by those motions; |
|   | 9. | The prospects for settlement, including whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference; |
|   | 10. | The status of any related cases pending before this or other courts; |
|   | 11. | A discussion of the parties' compliance with the MIDP, including a list of dates on which each party served its MIDP discovery responses, a list of dates when MIDP responses are due for parties that have not yet served them, whether any issues have arisen under the MIDP, and, if issues have arisen, a description of those issues so the Court may resolve them at the Case Management Conference. If the Joint Case Management Report raises MIDP issues for the Court to resolve, copies of the parties' MIDP disclosures should be attached to the report; |
|   | 12. | A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information ("ESI"), including the parties' preservation of ESI and the form or forms in which it will be produced; |
|   | 13. | A discussion of any issues relating to claims of privilege or work product; |
|   | 14. | A discussion of necessary discovery, which should take into account the |

---

[1] If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. §1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business and (2) partnerships and limited liability companies are citizens of every state in which one of their partners, owners, or members is a citizen. *See* 28 U.S.C. §1332(c); *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). The parties are further reminded that the use of fictitious parties ("John Doe" or "ABC Corporation") does not create diversity jurisdiction. *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970).

December 1, 2015 amendments to Rule 26(b)(1) and should include:

    a.    The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case;

    b.    Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;

    c.    The number of hours permitted for each deposition. The parties also should consider whether a total number of deposition hours should be set in the case, such as 20 total hours for Plaintiffs and 20 total hours for Defendants. Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses depending on the importance and complexity of subjects to be covered with the witnesses.

15.    Proposed deadlines for each of the following events. In proposing deadlines, the parties should keep in mind that civil trials should occur within 18 months of the filing of the complaint. 28 U.S.C. § 473(a)(2)(B). The Case Management Order will specify trial scheduling up to the final pretrial conference. Once the dates have been set in the Case Management Order, the Court **will not** vary them without good cause, even if the parties would otherwise stipulate to do so. The Court does not consider settlement talks or the scheduling of mediations to constitute good cause for an extension:

    a.    A deadline for the completion of fact discovery, which will also be the deadline for final supplementation of discovery responses under the MIDP[2] and pretrial disclosures pursuant to Rule 26(a)(3). This deadline is the date by which all discovery must be completed.

---

[2] General Order 17-08 should be reviewed carefully. It requires parties to timely supplement their MIDP responses as new information is discovered. Parties who fail to timely disclose relevant information will be precluded from using it in the case and may be subject to other sanctions. Parties who unreasonably postpone disclosure of relevant information to the end of the discovery period also may be subject to sanctions.

- 4 -

|   |   | Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by the deadline, including time to resolve discovery disputes.  Absent extraordinary circumstances, the Court will not entertain discovery disputes after this deadline; |
|---|---|---|
|   | b. | Dates for full and complete expert disclosures and rebuttal expert disclosures, if any; |
|   | c. | A deadline for completion of all expert depositions; |
|   | d. | A date by which any Rule 35 physical or mental examination will be noticed if such an examination is required by any issues in the case; |
|   | e. | A deadline for filing dispositive motions; |
|   | f. | Case-specific deadlines and dates, such as the deadline to file a motion for class certification or a date on which the parties are available for a *Markman* (patent claim construction) hearing; |
|   | g. | A date by which the parties shall have engaged in face-to-face good faith settlement talks; |
|   | h. | A date on which the parties are available for a pretrial conference (at least 120 days after the dispositive motion deadline). |
|   | i. | Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth the reasons); |
|   | j. | The estimated length of trial and any suggestions for shortening the trial; |
|   | k. | Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1. |

C. <u>Rule 16 Case Management Conference and Order</u>

The Court directs counsel and any unrepresented parties to review Federal Rule of Civil Procedure 16 for the objectives of the Case Management Conference.  Counsel who

- 5 -

will be responsible for trial of the lawsuit for each party (and any party that is not represented by counsel) shall appear and participate in the Case Management Conference and shall have authority to enter into stipulations regarding all matters that may be discussed. Appearance shall be in person for all attorneys based in Maricopa County. Any attorneys (including those based outside of Maricopa County) who cannot be present in person must seek leave of the Court to appear telephonically at least three business days before the Case Management Conference. A continuance of the Case Management Conference will be granted only for good cause.

After the Case Management Conference, the Court will enter a Case Management Order. The Court fully intends to enforce the deadlines in the Case Management Order. The parties should plan their litigation activities accordingly.

**IT IS FURTHER ORDERED** that within ten days, Plaintiff(s) must serve this Order on any Defendant that has not yet appeared or answered.

Dated this 19th day of July, 2019.

Dominic W. Lanza
United States District Judge